UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JT IP HOLDING, LLC, and,<br>JEFFREY S. ELDREDGE, | : <br> : <br> : | |
| Plaintiffs, | : <br> : | Civil Action No.: |
| v. | : <br> : | **Jury Trial is Demanded** |
| THOMAS FLORENCE, FLOPACK, LLC, and,<br>KIMBERLY PERRY, | : <br> : <br> : <br> : | |
| Defendants. | : | |

## COMPLAINT

The plaintiffs, JT IP Holding, LLC, and Jeffrey S. Eldredge, by and through their undersigned counsel, complaining of the defendants, Thomas Florence, FloPack, LLC, and Kimberly Perry, allege and aver as follows:

## PARTIES

1. The plaintiff, JT IP Holding, LLC, is a Massachusetts limited liability company with a principal place of business of 803 Main Street, West Dennis, Massachusetts.

2. The plaintiff, Jeffrey S. Eldredge, is an individual residing at 81 Edgemere Road, South Dennis, Massachusetts, and is a Member and Manager of JT IP Holding, LLC.

3. The defendant, Thomas Florence, is an individual residing at 803 Main Street, West Dennis, MA, and is a Member and Manager of JT IP Holding, LLC.

4. The defendant, FloPack, LLC, is a Massachusetts limited liability company with a principal place of business of 803 Main Street, West Dennis, Massachusetts.

5. The defendant, Kimberly Perry, is an individual residing at 11 Richard Lane, West Dennis, Massachusetts, and is the Member and Manager of FloPack, LLC.

**JURISDICTION AND VENUE**

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive subject matter jurisdiction of this case for patent infringement and invalidation under 28 U.S.C. §§ 1331 and 1338(a) and (b).

7. This Court has personal jurisdiction over the defendants for at least the following reasons: (1) the corporate defendant is incorporated under the laws of the Commonwealth of Massachusetts; (2) the defendants have committed acts of patent infringement, induced acts of patent infringement by others, and have committed acts of fraud in the application for the patent in question in this District and in Massachusetts; (3) the defendants engage in other persistent courses of conduct and derive substantial revenue from products and/or services provided to individuals in this District and in Massachusetts; and, (4) the defendants have purposefully established systematic and continuous contacts within this District and should reasonably expect to be brought into Court here.

8. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400 as the defendants reside or are incorporated under the laws of Massachusetts, the defendants do business in Massachusetts, and the defendants have committed acts of infringement and fraud in the applicable patent application in Massachusetts and in this District.

## THE PATENT

9. On July 30, 2019, the United States Patent and Trade Office ("USPTO") issued U.S. Patent No. 10,364,563 B1 (the "'563 Patent"), entitled "Runoff Water Management System, to Thomas Florence. (See Exhibit A to Affidavit of Douglas F. Hartman, attached hereto.)

## FACTS

10. In the Summer of 2016, Defendant, Florence, approached Plaintiff, Eldredge, and proposed starting a business together that would involve several products.

11. On April 19, 2017, Florence presented Eldredge with the layout of JTIP, the associated intellectual property plan, and a companion company, New Brand Marketing, LLC, including providing them with a two (2) page document which he had drafted. (See Exhibit B to Affidavit of Douglas F. Hartman, attached hereto.)

12. In May of 2017, Eldredge and Florence formed JT IP Holding, LLC (hereinafter "JTIP"), as a Massachusetts limited liability company, with each of them being a member and a manager. (See Exhibit C to Affidavit of Douglas F. Hartman, attached hereto.)

13. The Operating Agreement Eldredge and Florence entered into with respect to JTIP called for Eldredge to have a 1/3 ownership interest and Florence to have a 2/3 ownership interest. (See Exhibit D, at pg. 25, to Affidavit of Douglas F. Hartman, attached hereto.)

14. Eldredge and Florence were each allotted a 50% voting interest as members and managers in any and all matters relating to JTIP. (See Exhibit D, at Article 3, ¶ 3.1).

15. The Operating Agreement called for capital contributions of $100,000.00 for Florence and $50,000.00 for Eldredge. (See Exhibit D, pg. 25).

16. Eldredge's contribution was to be in cash.

17. Florence's contribution under the agreement was based upon sweat equity and payment of half of JTIP bills and costs, including development of the new product and setting up everything needed for JTIP. This included, but was not limited to, developing a website, developing a business plan, finding additional investors, working with the engineer with respect to the product, and handling the potential staffing of JTIP.

18. Florence has failed complete any of these duties or financial obligations and has failed and/or refused to undertake some of them.

19. The Operating Agreement states that no Member shall be required to contribute any additional capital to the Company, and no Member shall have any personal liability for any obligation of the Company in excess of his, her or its requisite contribution. (See Exhibit D, Article 3, ¶ 3.2).

20. Before implementation of the Operating Agreement, Florence requested that Eldredge's capital contribution be paid in payments to Florence through payroll at Eldredge's landscaping business starting on or about November 18, 2016.

21. The parties further agreed that Eldredge's capital investment would be paid by him paying the bills incurred by running JTIP and the companion business, New Brand Marketing, LLC.

22. Eldredge's $50,000.00 capital investment was in fact paid in payments to Florence through payroll at Eldredge's landscaping business as well as bill payments described above.

23. Subsequent to the completion of the $50,000.00 payment on March 24, 2017, Florence at a meeting on April 19, 2017, with Eldredge at Eldredge's home at 81 Edgemere Road, South Dennis, Massachusetts, offered Eldredge a 50% ownership interest in JTIP for a total investment of $150,000.00, as Florence needed more money, which offer Eldredge accepted.

24. At the April 19, 2017, meeting, Florence promised to have the Operating Agreement updated to reflect this new 50% ownership agreement.

25. To date, Florence has failed and/or refused to update the Operating Agreement with the 50% ownership agreement, despite Eldredge's request therefor at the April 19, 2017, meeting, and innumerable requests from the meeting to present.

26. The business plan for JTIP was eventually hired out and paid for by Eldredge.

27. During the course of their dealings in JTIP, Eldredge and Florence worked mostly with the Runoff Water Management System.

28. Florence had previously obtained a patent on a similar system and Eldredge's and Florence's plan was to upgrade the product such that it would be eligible for a new patent.

29. Eldredge and Florence worked together to improve the product, including Eldredge coming up with the idea to internalize the components of the diverter box to, in part, make it easier to manufacture, ship, and install. See Exhibit A, Claims 1, 2, and 3.

30. Eldredge worked closely with, and paid, an engineer retained to assist in the drawings of this idea.

31. On January 6, 2018, the patent application for the '563 Patent was filed. (See Exhibit A). (See Exhibit E to Affidavit of Douglas F. Hartman, attached hereto.)

32. On January 6, 2018, the patent was assigned to JTIP. (See Exhibit F to Affidavit of Douglas F. Hartman, attached hereto.)

33. The only inventor listed for the '563 Patent is Florence. (See Exhibits A and D).

34. Florence had repeatedly told Eldridge that his work on the product did not warrant him being an inventor and that he did not have to be an inventor to protect his interests in the "563 Patent, including at a meeting on June 28, 2017, at 803 Main Street, West Dennis, Massachusetts. Additionally, Florence reiterated these assertions regarding inventorship during meetings at the same location that week of June 28, 2017, and numerous times since then to present, which representations Eldredge relied upon to his detriment in allowing the application to be filed without naming him an inventor.

35. In late 2017, Eldredge and Florence agreed on the need for more funding for JTIP/ New Brand Marketing and agreed that they would both be equally responsible for any loans or obtaining any investment.

36. In furtherance of seeking funding, they sought a loan from Cape Cod Cooperative Bank.

37. While at the bank, Florence for the first time told Eldredge that he could not be on any loan and refused to fill out any bank documents.

38. Eldredge and Florence incorporated New Brand Marketing. LLC, with each of them being members and managers, with a 1/3 and 2/3 ownership respectively and 50% voting rights each, on December 2, 2016, to be used to Market the '563 Patent product.

39. On January 8, 2018, Florence had himself removed as a manager of New Brank Marketing in an effort for that company to be able to obtain financing without his involvement.

40. Florence's removal did not satisfy the bank with respect to a loan and would have required Eldredge to put up his home as collateral, which would have contravened the agreement to be equally responsible.

41. Eldredge and Florence met with a financial advisor in the effort to obtain investors and/or an SBA loan in March of 2018.

42. The financial adviser put together a list of interested investors for Eldredge and Florence.

43. After a short time of communicating with the financial advisor, Florence ended the relationship stating that he would obtain funding through an investor himself, that they did not need her, and that he could get financing no problem.

44. To date, Florence has not obtained any financing.

45. By May of 2018, Eldredge had paid $151,178.36 directly to Florence and the bills of JTIP covering the $150,000.00 of the agreement.

46. In May of 2018 Eldredge again pressed for the 50% agreement to be set in writing, which request Florence has failed and/or refused to honor to date.

47. In or around April of 2018, Eldredge attempted to retain a web designer to create a website for JTIP.

48. Florence refused to allow the web designer to do any work and stated that he would create the website himself.

49. To date, Florence has failed and/or refused to create a website.

50. In or May or June of 2018, Florence wanted to hire his grandson with Eldredge paying him a full-time salary, which demand Eldredge declined.

51. Starting in 2017, through the present, including at a meeting at 803 Main Street, West Dennis, Massachusetts on April 21, 2018, Eldredge demanded he be copied on all communications concerning JTIP/New Brand Marketing, a demand with which Florence has failed and/or refused to comply.

52. Throughout 2017 and 2018 in response to each demand made by Eldredge, Florence promised he would set up the emails. Despite this, Florence failed and/or

refused to copy Eldridge on company communications and failed and/or refused to otherwise include him in any company communications or decision making, if any.

53. On November 5, 2019, Eldredge and Florence met, along with counsel and Florence's daughter, Kimberly Perry to discuss the business of JTIP, the ownership of the patent by JTIP as per their agreement, which meeting was recorded at the request of Florence.

54. Unbeknownst to Eldredge, Florence had filed a purported assignment of the '563 Patent to FloPack, LLC, on October 1, 2019. (See Exhibit G to Affidavit of Douglas F. Hartman, attached hereto.)

55. There was no vote or agreement of the members of JTIP to rescind the assignment of the '563 Patent to JTIP.

56. There was no vote or agreement of the members of JTIP to assign of the '563 Patent to FloPack, LLC.

57. There was no vote or agreement of the members of JTIP to remove the ownership of the '563 Patent from JTIP.

58. FloPack, LLC, was formed as a Massachusetts limited liability company by the filing of its Certificate of Organization on October 18, 2019. (See Exhibit H to Affidavit of Douglas F. Hartman, attached hereto.)

59. At the November 5, 2019, meeting Florence and Perry were fully aware of the attempted unilateral assignment of the '563 Patent away from JTIP and about which they failed and/or refused to inform JTIP member and manager Eldredge.

60.     To date, Florence has failed and/or refused to perform his responsibilities to JTIP, including in the areas of financing, website creation, product development, or the like.

61.     To date, Eldredge has paid directly to Florence and to JTIP the sum of $193,078.00.

## COUNT I

### (Correction of Inventorship, Eldredge v. Florence)

### (35 U.S.C. § 256)

62.     Plaintiffs reallege, re-aver, and incorporate herein by reference the allegations set forth in the paragraphs above as if set forth fully herein.

63.     The '563 Patent does not list Mr. Eldredge as an inventor.

64.     Mr. Eldredge collaborated with Mr. Florence and contributed to the conception of significant features of the invention recited in one or more of the claims in the '563 Patent.

65.     Mr. Eldredge communicated each element of the claims in the '563 Patent conceived by him to Mr. Florence.

66.     Since Mr. Eldredge substantially contributed to the conception of significant elements of one or more of the claims in the '563 Patent, he is a co-inventor of the '563 Patent.

67.     Because Mr. Eldredge is a rightful co-inventor of claimed features of one or more claims the '563 Patent, this Court should direct the Commissioner of Patents to add Mr. Eldredge to the '563 Patent as a co-inventor.

## COUNT II

### (Violation of Lanham Act)

68. Plaintiffs reallege, re-aver, and incorporate herein by reference the allegations set forth in the paragraphs above as if set forth fully herein.

69. JTIP owns the confidential and proprietary technology in the '563 Patent.

70. Defendants have misrepresented the ownership of the '563 Patent technology through their purported unilateral rescission of the JTIP '563 Patent assignment, implementing the purported assignment of the '563 Patent to FloPack, and the filing of same with the USPTO.

71. Upon information and belief, Defendants are misrepresenting the ownership of the '563 Patent to customers, potential customers, and potential investors.

72. As a result, the '563 Patent technology is being represented to the marketplace in a false and misleading manner by Defendants, that they respectively own and solely created the '563 Patent technology.

73. Defendants' actions have a tendency to deceive and create confusion in a substantial portion of the intended audience in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

74. The confusion in the intended audience has influenced and is likely to influence future investment and/or purchasing decisions.

75. Defendants' misrepresentations affect or will likely affect commerce.

76. There is injury or likelihood of injury to Plaintiffs in terms of a loss of clearly understood title to the intellectual property and a resulting loss of the value thereof, including a loss of good will.

77. Defendants' acts were both willful and malicious, and therefore Plaintiffs are entitled to exemplary damages against them.

## COUNT III

### (Infringement of U.S. Patent No. 10,364,563 B1)

78. Plaintiffs reallege, re-aver, and incorporate herein by reference the allegations set forth in the paragraphs above as if set forth fully herein.

79. Defendants have infringed and are infringing, individually and/or jointly, either literally or under the doctrine of equivalents, on the claims of the '563 Patent in violation of 35 U.S.C. § 271, *et seq.*, directly and/or indirectly, by making, using, offering for sale, selling, distributing, without authority or license, the '563 Patent technology.

80. Defendants have been, and currently are, actively inducing infringement of the '563 Patent under 35 U.S.C. § 271(b).

81. Defendants' infringement of the '563 Patent is and has been willful and deliberate, entitling Plaintiffs to enhanced damages and attorneys' fees.

82. Defendants' infringement of the '563 Patent is of such exceptional nature that it entitles Plaintiffs to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

83. Plaintiffs have been damaged by Defendants' infringement of the '563 Patent and will continue to be damaged unless enjoined by this Court. Plaintiffs have suffered and continue to suffer irreparable injury due to Defendants' infringement for which there is not adequate remedy at law. The balance of hardships favors Plaintiffs and the public interest would not be disserved by the implementation of an injunction.

## COUNT IV

### (Declaratory Judgment, Assignment)

84. Plaintiffs reallege, re-aver, and incorporate herein by reference the allegations set forth in the paragraphs above as if set forth fully herein.

85. There is a real and actual controversy between Plaintiffs and Defendants regarding whether the assignment of the '563 Patent to FloPack and the unilateral rescission of the assignment to JTIP are valid.

86. Defendants' conduct has deprived and is intended to deprive Plaintiffs of the benefits of the ownership of the '563 Patent and their ability to utilize their interest in the '563 Patent.

87. The controversy between Plaintiffs and Defendants is thus real and substantial and demands specific relief through conclusive decree.

88. Plaintiffs are entitled to declaratory judgment that the purported assignment of the '563 Patent is invalid and void, that the purported rescission of the assignment of the '563 Patent to JTIP is invalid and void, and that the assignment of the '563 Patent to JTIP is valid and in full force and effect.

## COUNT V

### (Breach of Fiduciary Duty, v. Florence)

89. Plaintiffs reallege, re-aver, and incorporate herein by reference the allegations set forth in the paragraphs above as if set forth fully herein.

90. As an officer, director, shareholder and owner of JTIP, Florence owed Plaintiffs a fiduciary duty, including a duty of utmost good faith and loyalty.

91. Florence has breached his fiduciary duties owed to Plaintiffs.

92. Florence's breaches of his fiduciary duties have directly and foreseeably caused Plaintiff to suffer damages.

## COUNT VI

### (Conversion)

93. Plaintiffs reallege, re-aver, and incorporate herein by reference the allegations set forth in the paragraphs above as if set forth fully herein.

94. Defendants, without right or permission from Plaintiffs, improperly exercised control over and converted for their own use the '563 Patent.

95. Plaintiffs are entitled to the immediate return of the '563 Patent.

## COUNT VII

### (Unjust Enrichment)

96. Plaintiffs reallege, re-aver, and incorporate herein by reference the allegations set forth in the paragraphs above as if set forth fully herein.

97. Defendants have been unjustly enriched through their taking of the '563 Patent, which they have failed and refused to return.

98. Plaintiffs have suffered damage due to Defendants actions in taking the '563 Patent, the ownership of which should revert to Plaintiffs.

## COUNT VIII

**(Fraud and Misrepresentation, Eldredge v. Florence)**

99. Plaintiffs reallege, re-aver, and incorporate herein by reference the allegations set forth in the paragraphs above as if set forth fully herein.

100. Florence made false representations of material fact to Eldredge concerning the inventorship on the '563 Patent, their business relationship, and his involvement with JTIP, among others, as outlined above.

101. Florence made the representations with knowledge or belief as to their falsity, and/or with reckless disregard as to their truth or falsity.

102. Florence made the representations with an intent to induce Eldredge to rely upon them.

103. Eldredge justifiably relied upon Florence's misrepresentations.

104. Eldredge has suffered damage and injury caused by reliance upon Florence's misrepresentations.

## COUNT IX

**(Intentional Tortious Interference with Contract, v. FloPack and Perry)**

105. Plaintiffs reallege, re-aver, and incorporates herein by reference the allegations in the paragraphs above.

106. At all times relevant hereto, Eldredge had existing contract and/or agreement with Florence, as well as existing and potential customers, all of which had and

had substantial probability of resulting in economic benefit to Plaintiff. FloPack and Perry knew of these relationships and of the probable economic advantage to Eldredge.

107. Defendant intentionally procured Florence's breach of that contract without justification in the purported rescission and reassignment of the '563 Patent from JTIP to FloPack.

108. These intentional acts of FloPack and Perry in procuring Florence's breach of his contract with Eldredge caused Eldredge to lose economic advantages to which he was entitled, and which would have resulted in future economic advantages to Eldredge had FloPack and Perry not intentionally interfered.

109. As a direct and proximate result of FloPack's and Perry's wrongful acts and conduct, Eldredge has suffered and will continue to suffer damages, including lost profits in an amount to proven at trial.

## COUNT X

**(Intentional Interference with Prospective Economic Advantage)**

110. Plaintiffs reallege, re-aver, and incorporate herein by reference the allegations in the paragraphs above.

111. At all times relevant hereto, Eldredge had existing relationships with Florence, as well as existing and potential customers, all of which had and had substantial probability of resulting in economic benefit to Eldredge. FloPack and Perry knew of these relationships and of the probable economic advantage to Eldredge.

112. As alleged above, FloPack and Perry engaged in wrongful acts and conduct that included, but is not limited to, the purported rescission and reassignment of the '563 Patent from JTIP to FloPack.

113. These wrongful acts and conduct of FloPack and Perry were designed to interfere, and did interfere, with said relationships, thereby causing Eldredge to lose economic advantages to which he was entitled, and which would have resulted in future economic advantages to him had FloPack and Perry not interfered.

114. As a direct and proximate result of FloPack's and Perry's wrongful acts and conduct, Eldredge has suffered and will continue to suffer damages, including lost profits in an amount to proven at trial.

## COUNT XI

**(Unfair Business Practices / Deceptive Acts and Practices)**

115. Plaintiffs reallege, re-aver, and incorporate herein by reference the allegations in the paragraphs above.

116. Defendants are engaged in the conduct of trade or commerce within the meaning of M.G.L. c. 93A.

117. The above conduct by Defendants constitutes a pattern of unfair, deceptive, and fraudulent acts and practices within the meaning of M.G.L. c. 93A, §§ 2 and 11.

118. Plaintiffs have been damaged and will continue to be damaged by Defendant's unlawful, unfair, fraudulent, and deceptive business practices as alleged herein.

119. As a direct and proximate result of Defendant's conduct, Plaintiffs have been harmed and are entitled to damages against Defendants in an amount according to proof at trial, including double or treble damages, costs, and attorneys' fees, and to any and all other relief the Court deems just and proper under the law.

120. Defendants' conduct was intentional, willful, wanton, malicious, and in conscious disregard of Plaintiffs' rights, thereby justifying an award of three times

Plaintiffs' damages, together with reasonable attorneys' fees, pursuant to M.G.L. c. 93A, §§ 2 and 11.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs, JT IP Holding, LLC, and Jeffrey S. Eldredge, pray for a judgment in their favor and against Defendants, Thomas Florence, FloPack, LLC, and Kimberly Perry, and respectfully request the following relief:

1. A judgment declaring that Defendants have infringed one or more claims of the '563 Patent in this litigation pursuant to 35 U.S.C. §§ 271(a) and 271(b);

2. A judgment that Defendants have converted money to their own use and/or were unjustly enriched, including the amount paid by Eldredge to Florence of $193,078.00,

3. A preliminary injunction pursuant to 35 U.S.C. § 283 in accordance with the principles of equity preventing Defendants, their officers, directors, attorneys, agents, servants, employees, parties in privity with, and all persons in active concert or participation with any of the foregoing, from continued licensing, distributing or offering for license the '563 Patent product;

4. An injunction pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, directors, attorneys, agents, servants, employees, parties in privity with, and all persons in active concert or participation with any of the

foregoing, from continued acts of infringement, contributing to infringement, or inducing infringement of the '563 Patent;

5. A judgment requiring Defendants to make an accounting of damages resulting from Defendants' infringement of the '563 Patent;

6. A judgment awarding Plaintiffs their damages resulting from Defendants' infringement of the '563 Patent, and increasing such damages pursuant to 35 U.S.C. § 284 because of the willful and deliberate nature of Defendants' conduct;

7. A judgment requiring Defendants to pay Plaintiffs' costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '563 Patent;

8. A judgment finding that this is an exceptional case and awarding Plaintiffs' attorneys' fees pursuant to 35 U.S.C. § 285;

9. That the Court direct the Commissioner of Patents to add Mr. Eldredge as a co-inventor on the '563 Patent;

10. Exemplary damages for Defendants willful and malicious misconduct in violation of the Lanham Act;

11. A judgment rescinding the purported assignment of the '563 Patent to FloPack, LLC;

12. A judgment affirming the assignment of the '563 Patent to JT IP Holding, LLC; and,

13. Such other relief as the Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Plaintiffs,
JT IP, LLC, and Jeffrey S. Eldredge,
By their attorney,

*/s/ Douglas F. Hartman*

---
Douglas F. Hartman, BBO# 642823
HARTMAN LAW, P.C.
10 Post Office Square
Suite 800 South
Boston, Massachusetts 02109
P: 617-807-0091
F: 617-507-8334
dhartman@hartmanlawpc.com