UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JT IP HOLDING, LLC, and JEFFREY S. ELDREDGE,<br><br>    Plaintiffs,<br>v.<br><br>THOMAS FLORENCE, FLOPACK, LLC, and KIMBERLY PERRY,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*   Civil Action No. 1:20-cv-10433-IT<br>*<br>*<br>*<br>* |

PROCEDURAL ORDER RE: PRETRIAL/TRIAL

December 5, 2024

TALWANI, D.J.

The above-captioned action is set for a jury trial to commence **March 3, 2025,** at **9:00 a.m**., in Courtroom 9. The pretrial schedule is as follows:

    I.    The parties shall make and file the following pretrial disclosures no later than **January 7, 2025:**

        A.    All pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3)(A).[1] At trial, exhibits will be identified by a single sequence of numbers, regardless of which party is the proponent of an exhibit. To avoid the burden of renumbering exhibits during the pretrial process or at trial, counsel shall confer in advance of the disclosures required by this paragraph and agree on starting numbers for each side's exhibits, based on an informed estimate of exhibits to be disclosed. For example, in a case

---

[1] Fed. R. Civ. P. 26(a)(3)(A) requires a party to:
    . . . provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:
        **(i)** the name and, if not previously provided, the address and telephone number of each witness--separately identifying those the party expects to present and those it may call if the need arises;
        **(ii)** the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and
        **(iii)** an identification of each document or other exhibit, including summaries of other evidence--separately identifying those items the party expects to offer and those it may offer if the need arises.

1

        with fewer than 50 anticipated exhibits, counsel may agree to start plaintiff's exhibits number 1, and defendant's exhibits at number 25;

    B.    As to those witnesses whose testimony the party expects to present by deposition, an identification by inclusive page and lines of deposition transcripts to be offered at trial other than solely for impeachment purposes.

II.    No later than **January 14, 2025**, the parties shall exchange any objections to the use of the evidence identified in the prior section and shall confer concerning such objections as required by Local Rule 16.5(c).

III.    No later than **January 21, 2025**, the parties shall file:

    A.    Any objections to witnesses or lines of deposition transcripts that has not been resolved pursuant to Local Rule 16.5(c). The parties shall model objections to deposition designations on the example provided in **Appendix A**;

    B.    As to all exhibits identified under Section II that a party may still offer in evidence following the conference required by Section III, a joint list of all exhibits, identified and marked by a single sequence of numbers, regardless of which party is the proponent of an exhibit, with gaps as necessary to reflect any documents the parties no longer may offer at trial, and including notation as to those items the party expects to offer and those it may offer if the need arises, and noting as to each document whether the opposing party: (1) objects to the document; (2) may object to the document and reserves its position on the issue at this time; or (3) has no objection to the document. The list shall be filed in the form of the chart in attached **Appendix B**, with notations regarding objections set forth in column 5, and columns 6 through 8 left blank;

    C.    A disc containing courtesy copies of all exhibits, numbered according to the single sequence agreed on by the parties.[2] The exhibits shall be pre-marked with exhibit stickers containing the numbering set forth in the joint list of all exhibits, and shall have all prior exhibit numbers or other numbering removed;

    D.    Motions *in limine* or other requests regarding foreseeable evidentiary issues;

---

[2] The files should be clearly named as in the following examples: (i) exhibit number_exhibit description.file extension; or, if an exhibit has sub-parts, (ii) exhibit number-exhibit subpart_exhibit description.file extension. The exhibit description may not exceed 130 characters, including spaces. Quotation marks, brackets, parentheses, and foreign language accent marks may not be used in the exhibit description.

      E.      Any proposed questions for *voir dire*;

      F.      A succinct and neutral statement summarizing the principal claims and defenses of the parties to be read to the venire during jury empanelment;

      G.      Proposed jury instructions as to each claim and each affirmative defense. The instructions should be in the form in which the parties would like the instructions read to the jury, with citations to authority. State law sources should be used for state law claims;

      H.      Proposed verdict forms addressing each claim to be submitted to the jury;

      I.      Any proposed special verdict questions.

The parties shall also provide the court with modifiable Microsoft Word copies of all proposed questions, jury instructions, and verdict forms via email to the clerk.

IV.    The parties shall submit the following items by no later than **January 28, 2025**:

      A.      Oppositions to motions *in limine*;

      B.      Any stipulated facts in a form suitable for presentation to the jury;

      C.      A Joint Pretrial Memorandum as required by Local Rule 16.5(d), setting forth:

          (1) a concise summary of the evidence that will be offered by:

              (a) plaintiff;

              (b) defendants;

          with respect to both liability and damages (including special damages, if any);

          (2) the facts established by pleadings or by stipulations or admissions of counsel;

          (3) any contested issues of fact;

          (4) any questions raised by pending motions (other than motions *in limine*);

          (5) issues of law, including evidentiary questions, together with supporting authority;

          (6) any requested amendments to the pleadings;

        (7) any additional matters to aid in the disposition of the action;

        (8) an informed estimate of the probable length of the trial *if the estimated length of trial has changed since the initial pretrial conference*.

    D.    Objections to proposed jury instructions. The parties shall file any objections, with citations to authority, to the instructions provided by the opposing party. If the objections include proposed modifications of the instruction, such proposed modifications shall be presented using underlining (for proposed additions) and strike-out (for proposed deletions). <u>Parties shall also provide the court with modifiable Microsoft Word copies of this submission via email to the clerk.</u>

V.    A trial brief shall be filed by no later than **February 4, 2025**.

VI.    A final pretrial conference will be held on **February 11, 2025,** at **2:30 p.m.**

    A binder of paper exhibits must be made available for the jury. Admitted exhibits will be provided to the jury when they deliberate. Judge Talwani requires her own binders. If more than one binder is needed, the numbers of the exhibits each binder contains must be clearly labeled on the spine. The binders should be brought to the courthouse on the day of the final pretrial conference, and in any event must be complete and provided no later than the first day of trial. The parties shall not have the boxes delivered to the courthouse unless the parties have made specific arrangements with the courtroom deputy or the docket clerk.

    All trial exhibits must be reclaimed by the end of the first business day following the day of the verdict.  This policy is strictly enforced by the court as there is no space at the courthouse to store exhibits after a trial has ended.  Exhibits not reclaimed by counsel will be discarded.

    IT IS SO ORDERED.

December 5, 2024                /s/ Indira Talwani
                                     United States District Judge

# APPENDIX A

# USE THIS FORMAT FOR THE DEPOSITION DESIGNATION LIST:

### Witness Name

| Plaintiffs' Initial Designation | Defendants' Objection | Defendants' Explanation (if necessary) | Defendants' Counter-designation (if necessary) |
|---|---|---|---|
| page:line – page:line | Rule | Argument | page:line – page:line |
| | | | |
| | | | |

### Witness Name

| Defendants' Initial Designation | Plaintiffs' Objection | Plaintiffs' Explanation (if necessary) | Plaintiffs' Counter-designation (if necessary) |
|---|---|---|---|
| page:line – page:line | Rule | Argument | page:line – page:line |
| | | | |
| | | | |